IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

CHIARA SMITH     PLAINTIFF

v.     No. 4:20-CV-00181-DPM

STEVE BARNHILL; LESLIE BARNHILL;
and BRIAN BACHER
d/b/a BARNHILL'S BUFFET     DEFENDANTS

## PROTECTIVE ORDER

Subject to the Court's approval, the parties in this action stipulate to the following protective order.

1. For purposes of this Order, "Confidential Information" is information which concerns or relates to financial and sales information, marketing plans, formulas, the processes, operations, type of work, or apparatus, or the production, shipments, purchases, transfers, identification of customers, inventories, amount or source of any income, profits, losses, investments or expenditures of any persons, firm, partnership, corporation, or any other organization, the disclosure of which information may have the effect of causing annoyance, embarrassment, oppression, undue burden, or harm to the personal financial or competitive position of the person or entity from which the information was obtained.

2. "Confidential" as used herein means any type or classification or form of information (oral, written, magnetic, electronic or otherwise) which is designated under this Order as "Confidential" by the producing party, whether it be a document, information contained in a document, information revealed during a deposition,

information revealed in an interrogatory answer or in a response to a request for admission, information obtained from inspection of premises or things, documents subpoenaed from a third party, or otherwise.

3. No item shall be deemed "Confidential" if it has been made public by the producing party, is generally known throughout the trade and public, or, subject to the constraints of paragraph 5 hereof, is or comes to be known to the receiving party through means not constituting breach of any proprietary or confidential relationship or obligation or breach of this Order.

4. Nothing in this Order shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of litigation of this action, regardless of whether such material is also obtained through discovery in this action or from disclosing its own confidential material it deems appropriate.

5. Material designated as confidential under this Order, the information contained in the material, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense, or settlement of this action and for no other purpose.

6. Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, counsel for a party (including the paralegal, clerical, and secretarial staff employed by counsel), and "qualified persons" designated below:

    a.    A party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    b.    Experts or consultants (together with their clerical staff) retained by counsel to assist in the prosecution, defense, or settlement of this action;

    c.    Court reporters employed in this action;

    d.    A witness at any deposition or other proceeding in this action; and

    e.    Any other person as to whom the parties in writing agree.

Before receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall acknowledge in writing that he has received and read a copy of this Order and that he or she is bound by the terms hereof. A copy of such acknowledgement shall be promptly provided to counsel for each other party and for the parties.

7.    Depositions shall be taken only in the presence of qualified persons.

8.    If any confidential material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

9.    This Order shall be without prejudice to the right of the parties:

    a. to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted; or

    b. to present a motion to the Court under Rule 26(c) of the Federal Rules of Civil Procedure for a separate protective order as to any particular

document or information including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way future application for a modification of this Order.

10. Should any information designated as confidential material be disclosed, through inadvertence or otherwise, to any person not authorized to receive same under this Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order. Specifically, the disclosing party shall: (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the party that designated the document as confidential; and (c) request such person to sign an acknowledgment that they have received and read this Order and agree to be bound by the terms hereof. The acknowledgment shall promptly be served upon the party designating the document as confidential material.

11. If any party is served with a subpoena from a third party in another matter, and such subpoena arguably seeks information or documents that have been designated as confidential pursuant to this Order, the subpoenaed party shall promptly give written notice, including a copy of the subpoena, to all other parties in this matter so as to permit any one or more of them an opportunity to timely move to quash or otherwise object to the subpoena.

12. This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without unnecessarily involving the Court in the process. Nothing in this Order nor the

production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to be an admission or waiver by either party, to be an alteration of the confidentiality or non-confidentiality of any such document or information, or to be an alteration of any existing obligation of any party or the absence of any such obligation.

13. Information designated as "Confidential" must not be filed on the public docket. If practicable, it should be redacted. Fed. R. Civ. P. 5.2. If an entire page contains information designated as "Confidential," substituting a page marked "Redacted" is an acceptable redaction method. If redaction is impracticable, a party must move for permission to file any information designated as "Confidential" and a related motion, brief, or paper, containing that material under seal. The moving party must justify sealing with specifics and solid reasons, including an explanation about why redaction cannot be done.

14. This Order shall remain in effect for one year after this case ends, including any appeal. Thereafter, the obligations imposed shall continue, but shall be solely a matter of contract between the parties. Upon termination of this case, the parties shall return to their respective counsel all confidential documents, material, and deposition transcripts and all copies of same, or shall certify the destruction thereof. Counsel for the parties shall be permitted to retain confidential information in their files, subject to the terms of this Order.

IT IS SO ORDERED this 16th day of July, 2020.

_____
THE HONORABLE D.P. MARSHALL JR.
UNITED STATES DISTRICT JUDGE

SO STIPULATED:

APPROVED AS TO FORM:

_____/s/ James Monroe Scurlock_____
James Monroe Scurlock, AR Bar No. 2012028
WALLACE, MARTIN, DUKE & RUSSELL, PLLC
Attorneys at Law
1st Floor, Centre Place
212 Center Street
Little Rock, Arkansas 72201
(501) 375-5545
(501) 455-2576 FAX
E-mail: jms@WallaceLawFirm.com
Attorneys for Plaintiff

AND

_____/s/ Kevin M. Lemley_____
Kevin M. Lemley, AR Bar No. 2005034
KEVIN LEMLEY LAW PARTNERS
206 Plaza Blvd
Suite E
Cabot, AR 72023
(501) 777-9950
Email: kevin@lemley-law.com
Attorney for Defendants